The appellant was convicted of intentional murder, in violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to life in prison. He raises two issues on appeal.
 I
The appellant first contends that his Sixth Amendment right to a public trial was violated when the door to the courtroom was locked for approximately two hours.
The record reveals that sometime after the trial, the appellant learned that the courtroom door might have been locked during a portion of the trial. At a post-trial hearing on the appellant's motion for judgment of acquittal, Ismael Amad, a reporter for the Montgomery Advertiser, testified as follows: "I did cover a trial. There was a trial where the doors were locked at one point. I can't swear that it was the Walter Davidson trial, as I explained earlier." (R. 228.) He further testified, "Okay, the trial that the doors were locked, and I am reasonably certain it was the Walter Davidson trial; but I cannot swear to it." (R. 228.) He stated that the door was locked "maybe an hour or two hours, at the most." (R. 230.)
Cole Portis, the trial judge's law clerk, testified that at one point during the trial there was a great deal of noise outside the courtroom and that the judge told him to instruct the people outside to be quiet. When they continued to make noise, the judge instructed him to get a deputy. Deputy Robert Stone testified that Cole Portis advised him that the judge wanted the noise kept down outside. He testified that people were coming in and out of the courtroom and that you could hear the outside noise in the courtroom. At the next break, he told the people outside that they were welcome to come inside, but that in order to reduce the noise level, he was going to lock the door. He further testified that the door was locked for no more than an hour. He stated that at the time the door was locked, the trial was approaching closing arguments and charges to the jury. He further stated that if there had been any further testimony, it could not have been more than one or two witnesses.
The trial judges's order denying the appellant's motion for judgment of acquittal states that at the conclusion of the trial there was "considerable noise outside the Courtroom." (R. 274.) The order further states that spectators were entering and leaving the courtroom and that the noise outside the courtroom was interfering with the court proceedings. The order further states that court security requested quiet and told the people outside that they could enter the courtroom at that time or wait until the next recess. The court's order states that "the trial of Mr. Davidson was open to the public; however, due to disruption and noise some restriction was placed on entrance and exit so that the court proceedings would not be disrupted." (R. 275.)
We find no error in the trial judge's holding that the appellant's constitutional right to a public trial was not violated. The constitutional right to a public trial is not limitless. Weatherford v. State, 369 So.2d 863
(Ala.Crim.App.), cert. denied, 369 So.2d 873 (Ala.), cert. denied,444 U.S. 867, 100 S.Ct. 141, 62 L.Ed.2d 91 (1979). "The requirement of a public trial 'is not absolute in the sense that a defendant has the right to have any particular person present under all circumstances during the course of the trial.' " Id.
at 868 (quoting United States ex rel. Laws v. Yeager,448 F.2d 74, 80 (3d Cir. 1970). "It is generally recognized that a judge has the *Page 903 
inherent power to preserve order and decorum in the courtroom and that in the exercise of such power he may eject spectators without infringing an accused's right to a public trial."Id. at 868. An order to lock the door for such an interval as to prevent disruption in the courtroom is properly a matter for the trial court's discretion and does not prevent a public trial in the sense of constitutional requirements. Renfroe v.State, 49 Ala. App. 713, 275 So.2d 692); (1973) Bishop v. State,19 Ala. App. 326, 97 So. 169 (1923). Although we recognize the rule that, when the accused has in fact been denied a public trial, prejudice will be presumed, no argument has been advanced that the locking of the door for a short period of time injured the appellant in any way. Weatherford. We find that the appellant was not denied his right to a public trial.
 II
The appellant next contends that the trial judge erred in allowing a five-year-old child to testify because the child could not understand the nature of the witness's oath he was required to take or his obligation to tell the truth. This argument has no merit. The record reveals that the trial judge engaged in a lengthy discussion with the child in order to determine whether the child understood the nature of the witness's oath and his obligation to tell the truth. The trial court is in the best position to examine a child's demeanor and determine if the child is competent to testify. Hamilton v.State, 520 So.2d 155 (Ala.Crim.App. 1986), aff'd,520 So.2d 167 (Ala. 1987), cert. denied, 488 U.S. 871, 109 S.Ct. 180,102 L.Ed.2d 149 (1988); Langham v. State, 494 So.2d 910
(Ala.Crim.App. 1986). We have reviewed the record and we hold that the trial court did not abuse its discretion in allowing the witness to testify. See, e.g., Wilburn v. State, 545 So.2d 231
(Ala.Crim.App. 1989). Furthermore, the record reveals that the challenged testimony was cumulative of other evidence already before the court.
For the reasons set forth above, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.
 *Page 142