CITY OF GRAND FORKS,
Plaintiff and Appellee,

v.

Raymond DOHMAN, Defendant
and Appellant.

Criminal No. 950427.

Supreme Court of North Dakota.

July 18, 1996.

Rehearing Denied Sept. 9, 1996.

Gary E. Euren, Special Assistant State's Attorney, Grand Forks, for plaintiff and appellee.

Raymond Dohman, East Grand Forks, pro se.

VANDE WALLE, Chief Justice.

Raymond Dohman appealed from a district court's order assessing a punitive sanction in summary proceedings for contempt of court under chapter 27–10, NDCC, and fining him $300.00 as provided for by sections 27–10–01.3(2) and 27–10–01.4(2)(b) of the North Dakota Century Code. We conclude that the trial court did not abuse its discretion, and we affirm.

On December 19, 1995, a jury found Dohman guilty of disorderly conduct in violation of section 9–0201 of the Grand Forks City Ordinances, a class B misdemeanor. *See City of Grand Forks v. Dohman*, 552 N.W.2d 66 (N.D.1996) [affirming Dohman's conviction of disorderly conduct]. After the jury rendered its verdict, and after the district judge discharged the jurors and thanked them for their service, Dohman stated, "Yes, I want to thank you[,] too. You're wonderful people." Continuing, Dohman referred to two of the jurors, "You can go back to the Air Force Base and brag now. You're a wonderful little old lady. I hope when you get in [the hospital], you are treated the same way. You have every right to be glad." Subsequently, the following exchange ensued:

THE COURT: "Mr. Dohman, that was entirely uncalled for."

MR. DOHMAN: "No, it wasn't."

THE COURT: "I'm finding you in contempt of this court. You are hereby fined the sum of $300.00 for that outburst which is entirely unnecessary."

MR. DOHMAN: "No, it isn't uncalled for."

THE COURT: "And you will be sentenced—Judgment will be entered against you accordingly for that $300."

. . . .

MR. DOHMAN: "Yes, you're wonderful, Judge. You people should be proud of yourself."

By statutory definition, "contempt of court" includes "[i]ntentional misconduct in the presence of the court which interferes with the court proceeding or with the administration of justice, or which impairs the respect due the court." N.D. Cent.Code § 27–10–01.1(1)(a). Under chapter 27–10, NDCC, courts may impose a remedial or punitive sanction for contempt of court. N.D. Cent. Code § 27–10–01.2(1); *see also Blaesing v. Syvertson*, 532 N.W.2d 670 (N.D.1995) [recognizing courts' inherent contempt powers, which may be limited by the Legislature]. Section 27–10–01.3(2), NDCC, provides a summary procedure in which the presiding judge, without a hearing, "may impose a punitive sanction upon a person who commits contempt of court in the actual presence of the court." The statute directs the judge to "impose the punitive sanction immediately after the contempt of court and only for the purpose of preserving order in the court and protecting the authority and dignity of the court." N.D. Cent.Code § 27–10–01.3(2); *see, e.g., State v. Goeller*, 263 N.W.2d 135, 137 (N.D.1978) [citing *United States v. Wilson*, 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975), and warning that, as a narrow exception to due process requirements, the exercise of summary contempt power exists "only where there is compelling reason for an immediate remedy and, where there is no such need, its use is inappropriate"].[1]

Section 27–10–01.3(3), NDCC, provides that an appeal may be taken from any order or judgment finding a person guilty of contempt, and that such order or judgment is final for purposes of appeal. On appeal, Dohman urges that the trial court erred in finding him in contempt. The ultimate determination of whether a contempt has been committed is within the trial court's sound discretion. *Mehl v. Mehl*, 545 N.W.2d 777 (N.D.1996); *Knoop v. Knoop*, 542 N.W.2d 114 (N.D.1996). The decision will not be overturned on appeal unless there is a plain abuse of discretion. *Mehl, supra; Knoop, supra.* A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Knoop, supra; Spilovoy v. Spilovoy*, 488 N.W.2d 873 (N.D. 1992). We will not find a trial court's decision arbitrary, unreasonable, or unconscionable "if the decision is the product of a rational mental process in which the facts and law

---

1. In 1993, the Legislature consolidated the contempt laws under chapter 27–10, NDCC.1993 N.D. Laws ch. 89; *Blaesing v. Syvertson*, 532 N.W.2d 670 (N.D.1995). The amended chapter "was intended to incorporate the analysis used by the United States Supreme Court and this court for determining the constitutional safeguards that attach to contempt proceedings." *State v. Mertz*, 514 N.W.2d 662, 666 n. 3 (N.D. 1994) [citing Hearings on House Bill 1077 before the House Judiciary Committee, January 11, 1993, and before the Senate Judiciary Committee, March 3, 1993]. Prior to 1993, the contempt statutes defined specific conduct as either "criminal" or "civil" contempt of court, as opposed to the generic term of "contempt of court" under the amended statutory scheme. *Mertz*, 514 N.W.2d at 666 n. 3. Rule 42(a), NDRCrimP, provided that a criminal contempt may be punished summarily if the judge "certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court." The rule required the judge's order of contempt to include a recitation of the facts. *See* N.D.R.Crim. P. 42(a) [superseding section 27–10–06, NDCC, which required the order to state the facts constituting the offense, recite that the contempt occurred in the court's immediate view and presence, and plainly and specifically prescribe the punishment]; *State v. Goeller*, 263 N.W.2d 135 (N.D.1978). Because the summary procedure provided for by Rule 42, NDRCrimP, was "already covered by the [1993] contempt legislation proposed by the [Joint Procedures] Committee," Rule 42(a), NDRCrimP, was repealed. Minutes of the Joint Procedures Committee Meetings, April 29–30, 1993, pages 2–3.

are stated and are considered together for the purpose of achieving a reasoned and reasonable determination." *Gissel v. Kenmare Township,* 512 N.W.2d 470, 473 (N.D. 1994); *see also Bachmeier v. Wallwork Truck Centers,* 544 N.W.2d 122 (N.D.1996) [stating abuse of discretion standard].

■ Dohman refutes as not supported by the record several statements made by the appellee in its brief and during oral argument. For example, Dohman challenges the appellee's assertion that Dohman made his comments "in a sarcastic and demeaning manner" and "jabb[ed] his finger [at] the jury." Appellee's Brief at 1–2. The appellee also stated that "[a]s the jury was leaving the courtroom, Mr. Dohman, while standing and gesturing at the jurors, ... verbally assaulted them" using a "threatening tone of voice and intimidating body language." *Id.* at 2. We agree with Dohman that some of the appellee's accounts, whether or not they are accurate, are not preserved in the record. But, our opinion is not based upon these unsupported assertions. *See Flex Credit, Inc. v. Winkowitsch,* 428 N.W.2d 236 (N.D. 1988) [refusing to consider on appeal evidence which did not appear in the record of the trial court proceedings]; N.D.R. App. P. 28. Nor is our decision based upon Dohman's accounts which are not evident from the record, such as Dohman's characterization of one of his comments as a "rather quiet statement—it wasn't a yelling, or a pointing, or a gesturing." Rather, we rely on the judge's description of the colloquy, which is found in the record, to conclude that the district judge did not abuse his discretion in finding Dohman in contempt of court.

Following Dohman's comments directed at the jurors, the trial court depicted Dohman's conduct as an "outburst." Consistent with the statutory definition of "contempt of court," an "outburst" is defined as "a bursting out" or "a violent expression or demonstration of intense feeling." Webster's Third New International Dictionary 1601 (1971). Similarly, in his order, the judge described the context for his finding of contempt, explaining that Dohman committed contempt of court "because of his unwarranted and outrageous behavior in making disparaging comments in a loud angry voice to the jurors after they had delivered their verdict...." The judge further clarified that "such behavior occurr[ed] in the presence of the Court" and that it was "necessary to impose a punitive sanction in order to preserve order in the Court and to protect the dignity and authority of the Court...."

■ Judge Bohlman recognized that jurors have the right to expect that the judge presiding at the trial will prevent verbal attacks by a lawyer, a party, or other participants in the trial. In fulfilling that obligation to the jurors, the judge may very well impose punitive sanctions for disparaging comments directed at jurors following the announcement of their verdict. We conclude that the record supports and justifies the judge's order of contempt and punitive sanction. We affirm the district court's order.

MESCHKE, SANDSTROM, NEUMANN and MARING, JJ., concur.