1998 ND 152

**Sherri MILLANG, Plaintiff and Appellant,**

v.

**Willard HAHN, Defendant and Appellee.**

**Civil No. 970347.**

Supreme Court of North Dakota.

Aug. 18, 1998.

Thomas K. Schoppert of Schoppert Law Firm, Minot, for plaintiff and appellant.

Michael S. McIntee (argued), of McIntee Law Firm, Towner, for defendant and appellee.

MARING, Justice.

[¶ 1] Sherri Millang appeals from the trial court's order finding contempt of court and imposing sanctions. We conclude the trial court abused its discretion by imposing punitive sanctions without the required procedures, and we reverse the trial court's October 29, 1997, order and remand.

## I

[¶ 2] Sherri Millang and Willard Hahn, who have never been married to each other, have one child together, born on May 30, 1990. On November 5, 1990, Millang was granted custody of the child, and Hahn was granted reasonable visitation. At some point later, the court ordered all visitation cease until Hahn completed a psychological evaluation. Sometime thereafter, Hahn moved the court for visitation. After an April 9, 1997, hearing, the court issued an order appointing a guardian ad litem (GAL), and reserved a decision on visitation until after receipt of the GAL report. On September 19, 1997, the court ordered that Hahn be allowed to visit the child during the day on Saturdays.

[¶ 3] On October 8, 1997, Hahn requested a one-time overnight visitation with the child to occur on October 11–12, 1997. The trial court granted Hahn's request on October 9, 1997. Millang objected. The court held an unrecorded telephonic hearing, where it affirmed its decision to allow the overnight visitation. Millang refused to comply with the ordered visitation because of her concern for the child's well-being.[1]

[¶ 4] Hahn then filed a motion for a contempt order, supported by Hahn's affidavit, based on Millang's alleged disobedience of the court's overnight visitation order. The trial court issued an order to show cause and set a hearing. Millang filed a motion to dismiss and demanded a trial by jury. On October 29, 1997, a contempt hearing was held. In an order dated October 29, 1997, the trial court found Millang had committed contempt of court by disobeying the court's previous order allowing a one-time overnight visitation. The trial court then imposed what it termed a "remedial sanction to ensure compliance with existing visitation orders":

1. That [Millang] make a payment of $200.00 to the Clerk of Court of Bottineau County on or before November 15, 1997;

2. The money shall be held by the Clerk of Court for a period of 60 days;

3. At the end of the 60–day period, if [Millang] has not committed further contempt of court violations, then the $200.00 shall be returned to [Millang];

4. If [Millang] fails to make the $200.00 payment on or before November 15, 1997; then she is to report to the Bottineau County Law Enforcement Center to serve a 30–day incarceration period, starting at 9:00 a.m. on November 16, 1997.

[¶ 5] Millang appeals the trial court's order finding contempt and imposing sanctions.

## II

[¶ 6] Hahn initially argues this appeal is moot because the 60–day period of the district court's order has since lapsed, and "no indication has been made that [Millang] violated the trial court's order." Hahn fails to consider, however, the district court stayed its order of contempt pending appeal on November 19, 1997. The 60–day period has therefore not lapsed. In addition, we have previously stated "[a]n appeal is not moot if the trial court's decision continues to have 'collateral consequences' for the appealing party." *Matter of Contempt of Grajedas,* 515 N.W.2d 444, 448 (N.D.1994) (citing *Sampson v. State,* 506 N.W.2d 722, 724 n. 1 (N.D.1993)). We therefore conclude Millang's appeal is not moot.

[¶ 7] Section 27–10–01.3(3), N.D.C.C., permits an appeal to be taken from any order or judgment finding a person guilty of contempt, and such an order or judgment is final for purposes of appeal. *See City of Grand Forks v. Dohman,* 552 N.W.2d 69, 70 (N.D. 1996). When reviewing a contempt sentence, the ultimate determination of whether a contempt charge exists is within the trial court's sound discretion. *Endersbe v. Endersbe,* 555 N.W.2d 580, 581 (N.D.1996). We will not overturn a finding of contempt unless there

---

1. Millang complains on appeal that the trial court had ex parte contacts with the opposing party's counsel and the guardian ad litem. Our N.D.Code Jud. Conduct Canon 3(B)(7) and N.D.R. Prof. Conduct 3.5 explicitly prohibit inappropriate ex parte communications. We need not determine whether Millang established any evidence of prejudice as a result of ex parte communications, because we are remanding this matter for a new proceeding. *See GeoStar Corp. v. Parkway Petroleum, Inc.,* 495 N.W.2d 61, 65 (N.D.1993).

is a clear abuse of this discretion. *Id.* We will conclude a trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law. *Id.*

### III

■ [¶ 8] As an initial evidentiary matter, we must determine whether the trial court abused its discretion during the contempt hearing by not allowing the cross-examination of witnesses called by the court. At the October 29, 1997, hearing, the trial court denied Millang's motion to dismiss and demand for a jury trial and proceeded with a hearing to show cause for the imposition of a remedial sanction. *See* N.D.C.C. § 27–10–01.3(1)(a). Although Hahn made the initial motion for a contempt order, the trial court stated during the hearing it was the court's intent to proceed on its own motion and order to show cause. During this hearing, the trial court called witnesses and relied upon Hahn's affidavit, but did not allow for the cross-examination of any of the witnesses over Millang's objections. We conclude cross-examination should have been permitted in a contempt hearing for a remedial sanction as well as for a punitive sanction.

[¶ 9] Rule 1101(b), N.D.R.Evid., states, "These rules apply generally to all civil actions, special proceedings, and criminal actions and to *contempt proceedings* except those in which the court may act summarily." (Emphasis added.) Here, the proceedings for the imposition of remedial sanctions under N.D.C.C. § 27–10–01.3(1)(a) are nonsummary in nature, and therefore, the North Dakota Rules of Evidence apply. Rule 614(a), N.D.R.Evid., permits the court to call witnesses on its own motion or at the suggestion of a party. However, Rule 614(a), N.D.R.Evid., further states "all parties are entitled to cross-examine witnesses thus called." In this case, the trial court clearly violated Rule 614(a), N.D.R.Evid., and abused its discretion, by not allowing the cross-examination of any witnesses during

this nonsummary procedure for the imposition of a remedial sanction for contempt.

### IV

■ [¶ 10] We also need to determine whether the sanctions imposed by the district court were punitive or remedial and whether it followed the appropriate procedure provided in chapter 27–10, N.D.C.C. In 1993, North Dakota's contempt laws were consolidated in chapter 27–10, N.D.C.C., and this chapter "was intended to incorporate the analysis used by the United States Supreme Court and this court for determining the constitutional safeguards that attach to contempt proceedings."[2] *Blaesing v. Syvertson,* 532 N.W.2d 670, 671 (N.D.1995) (citing *State v. Mertz,* 514 N.W.2d 662, 666 n. 3 (N.D.1994)). Although contempt powers are inherent to the courts, the legislature may limit, and has limited, the categories to which contempt orders may apply. *Van Dyke v. Van Dyke,* 538 N.W.2d 197, 203 (N.D.1995).

[¶ 11] Under N.D.C.C. § 27–10–01.1(1)(c), the meaning of "contempt of court" includes "[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer...." Any "court of record of this state may impose a remedial or punitive sanction for contempt of court...." N.D.C.C. § 27–10–01.2. When imposing contempt under N.D.C.C. ch. 27–10, a court must first consider whether a remedial or punitive sanction is applicable, and then apply the appropriate procedures for imposing the sanction. *Endersbe,* 555 N.W.2d at 582. Under chapter 27–10, however, remedial and punitive sanctions still incorporate the traditional characteristics of civil and criminal contempt. *Id.*

[¶ 12] A remedial sanction "includes a sanction that is conditioned upon performance or nonperformance of an act required by court order." N.D.C.C. § 27–10–01.1(4). "A sanction requiring payment of a sum of money is remedial if the sanction is imposed to compensate a party or complainant, *other than the court,* for loss or injury suffered as a result of the contempt." *Id.* (emphasis

---

**2.** "Prior to 1993, the contempt statutes defined specific conduct as either 'criminal' or 'civil' contempt of court, as opposed to the generic

term of 'contempt of court' under the amended statutory scheme." *Dohman,* 552 N.W.2d at 70 n. 1.

added). A remedial sanction is " 'conditional in nature so that contemnors … stand committed unless and until they perform an affirmative act.' " *Endersbe*, 555 N.W.2d at 582 (citing *Baier v. Hampton*, 417 N.W.2d 801, 805 (N.D.1987)). Remedial sanctions can include payment of money damages, forfeitures, or imprisonment. N.D.C.C. § 27–10–01.4(1). Additionally, a prison sentence is remedial "only if it is conditional and the contemnors carry the keys of their prison in their own pockets." *Endersbe*, 555 N.W.2d at 582 (quotation and citation omitted).

[¶ 13] In contrast, a punitive sanction "includes a sanction of imprisonment if the sentence is for a definite period of time." N.D.C.C. § 27–10–01.1(3). "A sanction requiring payment of a sum of money is punitive if the sanction is not conditioned upon performance or nonperformance of an act, and if the sanction's purpose is to uphold the authority of the court." *Id.* A punitive sanction is primarily intended to punish the offender and vindicate the court's authority. *Endersbe*, 555 N.W.2d at 582 (citing *Baier*, 417 N.W.2d at 805). "The most important factor which makes a sanction punitive is its unconditional nature…." *Id.* (citing *Mertz*, 514 N.W.2d at 666). A charge is considered punitive if the contemnor cannot purge the contempt by performance. *Id.*

[¶ 14] Once a court has concluded whether a remedial or punitive sanction is proper, the court must then follow the appropriate procedure provided in chapter 27–10, N.D.C.C. A remedial sanction may be sought by the court ·or by a motion of a person aggrieved by the contempt, and the court may impose a remedial sanction, authorized by N.D.C.C. ch. 27–10, only after a notice and a hearing. N.D.C.C. § 27–10–01.3(1)(a).

[¶ 15] A proceeding for a punitive sanction, however, is brought by a complaint by the state's attorney, the attorney general, or a special prosecutor appointed by the court. N.D.C.C. § 27–10–01.3(1)(b). A party to an action or the presiding judge may also request the· proceeding for a punitive sanction to be brought.· *Id.* In the punitive sanction proceeding, the alleged contemnor is entitled to a jury trial, and the original presiding judge in the case is disqualified. *Id.* Under § 27–10–01.3(2), N.D.C.C., a judge may only immediately issue a punitive sanction when the · contemptuous act occurs in the actual presence of the court.

[¶ 16] Here, Millang argues the trial court issued a punitive contempt sanction in violation of the specified procedure for a punitive sanction. On appeal, we "determine if the trial court's Order of Contempt was remedial · or punitive, and whether in issuing the Order, the dictates of N.D.C.C. § 27–10–01.3 were followed." *Endersbe*, 555 N.W.2d at 583. In scrutinizing the contempt order, the test suggested by the United States Supreme Court is: "[W]hat does the court primarily seek to accomplish … ?" *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966). We have held that although the purpose of the sanction is germane, it is not controlling in determining whether the sanction is punitive or remedial. *Mertz*, 514 N.W.2d at 666. "The paramount factor is whether the contemnor can be purged of the contempt by performing an affirmative act required by the trial court's order." *Id.* The trial court held a hearing for the imposition of a "remedial sanction" after Millang violated a specific order requiring a onetime overnight visitation. Although the sanction contained within the trial court's order is to a certain degree conditional, we conclude the sanction is not remedial as authorized by N.D.C.C. ch. 27–10, but is actually punitive.

[¶ 17] The trial court's order imposes a 30–day incarceration period if Millang does not make the required payment of $200 to the court. This sanction of imprisonment appears to be conditional because by payment of $200 Millang seems to "carry the keys to [her] prison in [her] own pocket." *Endersbe*, 555 N.W.2d at 582 (quotation and citation omitted). The condition, however, has a deadline and if Millang fails to make the required $200 payment by the specified deadline, she will be imprisoned for a definite period of 30 days without any means to purge her sentence. Furthermore, there is no continuing contempt which imprisonment could coerce Millang to purge. She would be imprisoned for a past violation of the court's order for a one-time overnight visitation and

not for her refusal to perform an act which was still within her power to perform. This prison sentence is designed mainly to punish Millang for her past violation of the court's order and thus uphold the court's authority. For these reasons, the imprisonment period albeit conditional on payment of $200 to the court cannot be considered remedial, and in fact is punitive. Although the trial court states the purpose of the sanction is remedial, the trial court is imposing a punitive sanction of imprisonment without the required procedure.

[¶ 18] If Millang makes the $200 payment, it may be returned to her after 60 days if she complies during that time with the court's order. The payment of this money, however, does not in any way "compensate a party or complainant, other than the court, for loss or injury suffered as a result of the contempt[ ]" as contemplated by N.D.C.C. §§ 27–10–01.1(4) and –01.4(1)(a). Because the trial court's order requires an unconditional payment of money to the court (her alternative is imprisonment) and does not compensate Hahn for a loss or injury suffered, we conclude this sanction is not remedial, but rather is a fine and a punitive sanction under N.D.C.C. § 27–10–01.4(2). The only way Millang is able to get the $200 returned is if she does not violate the court's order for a period of 60 days. There is no continuing contempt, however, and nothing left to coerce. In essence, the trial court has ordered a punitive sanction and payment of a fine for future contemptuous conduct. Furthermore, such a provision is vague as to the determination of whether Millang violated the court's order in the 60–day period. The trial court's imposition of punitive sanctions is in contravention of the procedure the trial court must follow under N.D.C.C. § 27–10–01.3(1)(b). We conclude the trial court abused its discretion when it imposed punitive sanctions for an act of contempt outside the actual presence of the court without following the requisite procedure mandated under N.D.C.C. § 27–10–01.3.

## V

[¶ 19] We reverse the trial court's order and remand for the trial court to determine if punitive or remedial sanctions are appropriate and to initiate and hold the proper proceeding under N.D.C.C. § 27–10–01.3(1)(a) or (b) and in accordance with this opinion.

[¶ 20] VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.

