Filed 1/12/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 14

Randy Holkesvig, Plaintiff and Appellant

v.

Peter David Welte, Defendant and Appellee

No. 20110102

Randy Holkesvig, Plaintiff and Appellant

v.

Meredith Huseby Larson, Defendant and Appellee

No. 20110103

Randy Holkesvig, Plaintiff and Appellant

v.

Christopher Smith, Defendant and Appellee

No. 20110104

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Wickham Corwin, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Kapsner, Justice.

Randy Holkesvig, P.O. Box 82, Fargo, N.D. 58107-0082; self-represented.

Joseph Elmer Quinn (argued) and Daniel Lee Gaustad (on brief), P.O. Box 5758, Grand Forks, N.D. 58206-5758, for defendants and appellees.

Holkesvig v. Welte

Nos. 20110102 - 20110104

Kapsner, Justice.

[¶1] Randy Holkesvig appeals from an order finding him in contempt for failing to obey a court order and awarding Peter Welte, Meredith Larson and Chris Smith $1,000 as a remedial sanction for the contempt.  Because the district court found Holkesvig in contempt and imposed a remedial sanction without holding a hearing to which Holkesvig was statutorily entitled, we reverse the order and remand for further proceedings.

I

[¶2] In 2008 Holkesvig was charged in Grand Forks County with stalking and violating a disorderly conduct restraining order.  After pleading guilty to the stalking charge, Holkesvig brought a malicious prosecution action against Welte, Larson and Smith, who were previously involved in the 2008 criminal proceedings brought against him.  The district court granted summary judgment dismissing the claims against Welte, Larson and Smith, and Holkesvig appealed to this Court.  After Holkesvig filed the appeal, he continued to file post-trial motions in the district court, and this Court remanded for disposition of the post-trial motions.  The district court conducted a show cause hearing on remand, denied the post-trial motions, determined there was “no proper purpose” for the motions, and awarded the defendants $1,000 in attorney fees as a sanction under N.D.R.Civ.P. 11.  The court further ordered:

4) Except to the extent required to resume or continue the appeal to the North Dakota Supreme Court, no further pleadings or documents of any kind will be filed by Holkesvig with the clerk of the district court during the pendency of that appeal.

 

An amended judgment was entered incorporating disposition of the post-trial motions, and Holkesvig appealed.  We affirmed the amended judgment in 
Holkesvig v. Welte
, 2011 ND 161, ¶ 1, 801 N.W.2d 712.

[¶3] During the pendency of the appeal in 
Welte
, Holkesvig continued to file numerous pleadings and other documents with the district court.  In response, Welte, Larson and Smith filed a motion to strike the pleadings and other documents and requested that the court impose sanctions against Holkesvig for violating the court’s injunctive order.  The defendants requested that the court find Holkesvig in civil contempt of court and sought a remedial sanction.  The defendants did not notice or schedule a hearing under N.D.R.Ct. 3.2.  Without holding a hearing, the district court found Holkesvig in contempt of court:

At this point, I hereby find that Holkesvig’s obstinate refusal to obey my orders constitutes contempt of court for purposes of N.D. Cent. Code § 27-10-01.1(1)(c).  The related statutes governing the imposition of sanctions do indicate that punitive sanctions should only be imposed “upon a person who commits contempt of court in the actual presence of the court.”  N.D. Cent. Code § 27-10-01.3(2).  Otherwise, sanctions should typically not be imposed without first giving the accused an opportunity to show cause why punishment is inappropriate.  N.D. Cent. Code § 27-10-07.  I was not physically present when Holkesvig filed any of the offending pleadings, but question whether this requirement should be construed literally under the circumstances.  In any event, I have already held a show cause hearing, and another hearing would only cause additional delay and expense.

 

[¶4] The district court granted the “defendants’ motion to strike everything filed by Holkesvig after February 3, 2011.”  The court further ordered:

3. Pursuant to N.D. Cent. Code § 27-10-01.4(1)(a), as a remedial sanction Holkesvig shall pay the additional sum of $1,000 to defendants, which I find to represent reasonable reimbursement for the extra costs and expenses incurred as a result of the contempt.

4. Pursuant to N.D. Cent. Code § 2[7]-10-01.4(1)(e), and in accordance with 
Fed. Land Bank of St. Paul v. Ziebarth
, 520 N.W.2d 51, 56-58 (N.D. 1994), unless prior and express leave of court approval is first obtained, Holkesvig shall hereafter be barred and enjoined from commencing any new lawsuits or causes of action, in any district court of the State of North Dakota, that arises from or relates to any of the following:

a. Holkesvig’s 2008 stalking conviction and charge for violating a disorderly conduct restraining order (Grand Forks County District Court Case Nos. 18-08-K-417 and 18-08-K-714);

b. The 2008 and 1998 disorderly conduct restraining orders obtained against Holkesvig and in favor of Heather Eastling and Christine Moore (Grand Forks County District Court Case Nos. 18-08-C-00424 and 18-08-C-

00241, and Traill County District Court Case No. C-98-

04);

c. The lawsuit Holkesvig has brought against Christine Moore (Grand Forks County District Court Case No. 18-

10-C-00362);

d. The lawsuit Holkesvig has brought against Gary Grove (Grand Forks County District Court Case No. 18-2011-

CV-00040); or 

e. This lawsuit.

Should Holkesvig attempt to file a new lawsuit in violation of this paragraph, any defendant named in that action may request its immediate dismissal, without the need for any further proceedings of any kind.  Such dismissal shall be with prejudice.  Furthermore, costs and attorney’s fees shall be taxed in favor of the defendant or defendants.

5. Any violation of this order by Holkesvig shall subject him to all appropriate sanctions, including punitive and remedial sanctions for contempt.

 

II

[¶5] We briefly address numerous allegations of error scattered throughout Holkesvig’s appellate briefs.

[¶6] First, the district court retained jurisdiction to hold Holkesvig in contempt for violating the order that was pending on appeal to this Court.  
See, e.g.
, 
Peters-Riemers v. Riemers
, 2003 ND 96, ¶ 16, 663 N.W.2d 657.  Second, to the extent Holkesvig challenges the injunctive order that was pending on appeal, Holkesvig was required to comply with the order even if he thought it was erroneous.  
See
 
Bertsch v. Bertsch
, 2007 ND 168, ¶ 15, 740 N.W.2d 388.  “Where a court has issued an order, even if erroneous, the party to whom the order was issued must obey it as long as it remains in force or until it is reversed, modified or set aside on appeal, and the failure to obey such an order is punishable as contempt of court.”  
Flattum-Riemers v. Flattum-

Riemers
, 1999 ND 146, ¶ 11, 598 N.W.2d 499; 
see also
 
State v. Sevigny
, 2006 ND 211, ¶ 37, 722 N.W.2d 515 (“Intentional disobedience of a court order constitutes contempt, and absent a showing that an order is transparently invalid or frivolous, the order must be obeyed until stayed or reversed by orderly review.”).  In any event, Holkesvig did not challenge the injunctive order in the prior appeal, and we affirmed that order in 
Welte
, 2011 ND 161, ¶ 14, 801 N.W.2d 712.

[¶7] 
Third, Holkesvig’s claims of bias and misconduct on the part of the district court appear to be based on the court’s failure to rule in his favor.  But adverse rulings alone are not evidence of judicial bias or partiality.  
See, e.g.
, 
Lucas v. Riverside Park Condominiums Unit Owners Ass’n
, 2009 ND 217, ¶ 12, 776 N.W.2d 801.  Fourth, Holkesvig’s arguments about the merits of his claims against the defendants are simply irrelevant to this appeal.

III

[¶8] Holkesvig also argues the district court erred in finding him in contempt because he was not afforded a hearing on the issue.

[¶9] Intentional, willful and inexcusable disobedience of a court order constitutes contempt of court under N.D.C.C. § 27-10-01.1(1)(c).  
See
 
Prchal v. Prchal
, 2011 ND 62, ¶ 5, 795 N.W.2d 693; 
Mellum v. Mellum
, 2000 ND 47, ¶ 21, 607 N.W.2d 580; 
State v. Zahn
, 1997 ND 65, ¶ 12, 562 N.W.2d 737.  A party seeking a contempt sanction under N.D.C.C. ch. 27-10 must clearly and satisfactorily show that the alleged contempt was committed.  
See
 
Prchal
, at ¶ 5; 
Berg v. Berg
, 2000 ND 37, ¶ 10, 606 N.W.2d 903.  An inability to comply with an order is a defense to contempt proceedings based on a violation of that order, but the burden rests with the alleged contemnor to establish the defense and show an inability to comply.  
Prchal
, at ¶ 5; 
Harger v. Harger
, 2002 ND 76, ¶ 15, 644 N.W.2d 182.  When considering an alleged contempt under N.D.C.C. ch. 27-10, the district court must first decide whether a remedial or punitive sanction is applicable, and then apply the appropriate procedures for imposing the sanction.  
See
 
Investors Title Ins. Co. v. Herzig
, 2010 ND 138, ¶ 42, 785 N.W.2d 863; 
Millang v. Hahn
, 1998 ND 152, ¶ 11, 582 N.W.2d 665.

[¶10] Under N.D.C.C. § 27-10-01.1(4), a “sanction requiring payment of a sum of money is remedial if the sanction is imposed to compensate a party or complainant, other than the court, for loss or injury suffered as a result of the contempt.”  An award to the complainant of attorney fees and costs incurred in bringing the contempt proceeding is an appropriate remedial sanction.  
See
 N.D.C.C. § 27-10-01.4(1)(a); 
Johnson v. Gehringer
, 2006 ND 157, ¶ 16, 717 N.W.2d 920; 
Giese v. Giese
, 2004 ND 58, ¶ 12, 676 N.W.2d 794.  Under N.D.C.C. § 27-10-01.1(3), a “sanction requiring payment of a sum of money is punitive if the sanction is not conditioned upon performance or nonperformance of an act, and if the sanction’s purpose is to uphold the authority of the court.”  
See
 
Endersbe v. Endersbe
, 555 N.W.2d 580, 582 (N.D. 1996).  

[¶11] Under N.D.C.C. § 27-10-01.3(1)(a), a district court may impose a remedial sanction for contempt only “after notice and hearing.”  
See
 
Lawrence v. Delkamp
, 2006 ND 257, ¶ 7, 725 N.W.2d 211; 
Millang
, 1998 ND 152, ¶ 14, 582 N.W.2d 665.  Unless the contempt occurs “in the actual presence of the court,” N.D.C.C. § 27-10-

01.3(2), a court may impose a punitive sanction only when a complaint is brought by a prosecutor and the alleged contemnor is entitled to a jury trial in which the original presiding judge in the case is disqualified.  
See
 N.D.C.C. § 27-10-01.3(1)(b); 
Millang
, at ¶ 15; 
Endersbe
, 555 N.W.2d at 582-83.  A failure to follow the procedural dictates of N.D.C.C. § 27-10-01.3 is fatal to a court’s order of contempt and the resulting sanction.  
See
 
Delkamp
, at ¶¶ 7-12; 
Millang
, at ¶ 18; 
Endersbe
, 555 N.W.2d at 583; 
Thorlaksen v. Thorlaksen
, 453 N.W.2d 770, 775 (N.D. 1990); 
Baier v. Hampton
, 417 N.W.2d 801, 806 (N.D. 1987); 
cf.
 
Dietz v. Dietz
, 2007 ND 84, ¶ 21, 733 N.W.2d 225 (reversal and remand required where district court erred in denying party a hearing on his contempt motion); 
Van Dyke v. Van Dyke
, 538 N.W.2d 197, 203 (N.D. 1995) (contempt citation was valid despite failure to issue order to show cause and writ of attachment where contemnor received notice and a hearing on the contempt).

[¶12] Here, the district court imposed a remedial sanction under N.D.C.C. § 27-10-

01.4(1)(a) to compensate Welte, Larson and Smith for the costs and expenses incurred as a result of the contempt.  Holkesvig was statutorily entitled to notice and a hearing on the contempt motion under N.D.C.C. § 27-10-01.3(1)(a).  The court’s reasoning that “another hearing would only cause additional delay and expense” does not eliminate the statutory requirement.

[¶13] Because Holkesvig did not receive a hearing on the contempt motion, we reverse and remand for that purpose.  The sole issue on remand is whether Holkesvig intentionally, willfully and inexcusably disobeyed the district court’s order that “[e]xcept to the extent required to resume or continue the appeal to the North Dakota Supreme Court, no further pleadings or documents of any kind will be filed by Holkesvig with the clerk of the district court during the pendency of that appeal.”

IV

[¶14] We reverse the order and remand for the moving party to schedule and notice a hearing.  We deny the defendants’ request for damages and costs for defending the appeal under N.D.R.App.P. 38.

[¶15] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.