**Walter K. KNOOP, Plaintiff and Appellee**

v.

**Cynthia K. KNOOP, Defendant and Appellant.**

**Civil No. 950017.**

Supreme Court of North Dakota.

Jan. 11, 1996.

Rehearing Denied Feb. 13, 1996.

Shirley A. Dvorak (argued), of Moosbrugger, Dvorak & Carter, Grand Forks, for plaintiff and appellee.

R. Lee Hamilton (argued), of Hamilton, Juntunen & Cilz, Grand Forks, for defendant and appellant.

LEVINE, Justice.

Cynthia K. Knoop appeals from an order dismissing a contempt proceeding against her ex-husband, Walter K. Knoop. We affirm the dismissal of the contempt proceeding, and we remand for further proceedings.

After 22 years of marriage, Walter and Cynthia stipulated to a divorce in 1990. At that time, Walter was on active duty in the Navy with over 20 years of service. The divorce decree required Walter to pay spousal support of $350 per month through December 1992 and $300 per month from January 1993 through December 1995. The original decree also said:

"As and for division of property, [Cynthia] shall be entitled to a share of the military retirement benefits accumulated by [Walter]. [Cynthia's] share of said benefits shall be calculated in accordance with the *Bullock* [*v. Bullock*, 354 N.W.2d 904 (N.D.1984) ] formula.

"Applying the *Bullock* formula to the facts of this case, [Cynthia's] share of the military retirement benefits would be the result derived from the following calculation, to wit; one-half of [Walter's] retirement benefits times 20/M where M equals the number of years that [Walter] has accrued towards retirement at the time he retires from the military.

"[Walter] shall make the necessary arrangements so that the retirement benefits to be paid to [Cynthia] shall be by allotment."

Walter retired from the Navy in October 1993. He initially received $2,420 per month in retirement pay, but Cynthia did not imme-

diately receive her share of his retirement pay. After she commenced a contempt proceeding against Walter, the parties stipulated to an amended judgment in January 1994:

"As and for division of property ... Cynthia ... shall be entitled to 36.5% of [Walter's] retirement pay remaining after deduction of federal withholding made in accordance with a W–4 form which accurately reflects [Walter's] income tax filing status.

"[Walter] shall make the necessary arrangements so that the retirement benefits to be paid to [Cynthia] shall be by allotment."

Under the amended judgment, Cynthia received about $800 per month as her share of Walter's retirement pay.

In April 1994, Walter accepted a federal civil service job with the Army. At that time, Walter's retirement pay was $2465.00 per month. Under the Dual Compensation Act, 5 U.S.C.S. § 5531 et seq., Walter was required to waive $844.58 per month of his military retirement pay, which left him with $1,620.42 per month. Walter's federal withholding deduction was $210.81 per month. Using those deductions and the 36.5 percent factor from the amended judgment, Walter reduced his property division payments to Cynthia to $514.51 per month.

In July 1994, Cynthia applied for an order to show cause to hold Walter in contempt for failure to satisfy his spousal support obligation and to provide her share of his retirement pay, which she contended was 36.5 percent of his total retirement pay remaining after the deduction for federal withholding. Walter responded that Cynthia was entitled to 36.5 percent of his "disposable retired pay" remaining after the deduction for federal withholding. The trial court agreed with Walter and, after Walter satisfied his spousal support arrearage, dismissed the contempt proceeding. Cynthia appealed from the order dismissing the contempt proceeding.[1]

■■■ In a contempt proceeding for a remedial sanction, a complainant must clearly and satisfactorily show that the alleged con-

tempt has been committed. *Bjorgen v. Kinsey*, 491 N.W.2d 389 (N.D.1992); *Anchor Estates, Inc. v. State*, 466 N.W.2d 111 (N.D.), *cert. denied*, 500 U.S. 943, 111 S.Ct. 2239, 114 L.Ed.2d 481 (1991). In order to warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order. *Spilovoy v. Spilovoy*, 488 N.W.2d 873 (N.D.1992); *Anchor Estates, supra.* A trial court's determination as to whether or not contempt has been committed is within its sound discretion, and its decision will not be reversed on appeal absent an abuse of discretion. *Spilovoy, supra; Anchor Estates, supra.* A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner. *Spilovoy, supra; Anchor Estates, supra.*

At the core of the dispute in this contempt proceeding is the meaning of the language in the amended decree which divides Walter's "retirement pay." Our analysis of this language must take into account federal law relevant to the division of military retirement pay in a divorce proceeding. Under federal law, members of the Armed Services who serve for a specified period, usually twenty years, may retire with retired pay. *See* 10 U.S.C.S. §§ 3911 et seq., 6321 et seq., and 8911 et seq. The amount of retirement pay a member is eligible to receive is based upon the number of years of creditable military service and the rank achieved by the member. *See* 10 U.S.C.S. §§ 3926, 3991, 6325–6327, and 8929.

In *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the United States Supreme Court held that federal law preempted a state divorce court from including one spouse's military retirement pay in the parties' marital estate. In response to *McCarty*, Congress enacted the Uniformed Services Former Spouses' Protection Act (Former Spouses' Act), effective February 1, 1983. The Former Spouses' Act altered the preemptive result of *McCarty* by authorizing a state court to treat "disposable retired pay ... as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C.S.

---

**1.** In *Johnson v. Johnson*, 527 N.W.2d 663 (N.D. 1995), we held that an order dismissing a con-

tempt proceeding was appealable under N.D.C.C. § 28–27–02(2).

§ 1408(c)(1). The Former Spouses' Act enables a state court to treat a member's "disposable retired pay" as marital property which is subject to property division in a divorce proceeding, but limits "[t]he total amount of the disposable retired pay of a member payable under all court orders ... [to] 50 percent of such disposable retired pay." 10 U.S.C.S. § 1408(e)(1).[2] "Disposable retired pay" is defined by the Former Spouses' Act to mean "total monthly retired pay to which a member is entitled" minus certain deductions, including amounts required by law to be waived to receive veterans' disability benefits, or to receive compensation under the Dual Compensation Act. 10 U.S.C.S. § 1408(a)(4).

In *Mansell v. Mansell*, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), the United States Supreme Court considered whether, under the Former Spouses' Act, "total" military retired pay, as contrasted to "disposable retired pay," was marital property divisible in a divorce proceeding. The *Mansell* Court construed the "plain and precise" language of 10 U.S.C.S. § 1408(c)(1) of the Former Spouses' Act to authorize a state court to treat "disposable retired pay" as marital property and to preclude a state court from treating "total retired pay" as marital property. *Mansell, supra,* 490 U.S. at 589, 109 S.Ct. at 2029 The *Mansell* Court held specifically that the Former Spouses' Act preempts state courts from treating as marital property military retirement pay waived by the member to receive veterans' disability benefits. *Mansell, supra,* 490 U.S. at 594, 109 S.Ct. at 2031–32. Under the rationale of *Mansell,* compensation received under the Dual Compensation Act is also not divisible as marital property. *Moon v. Moon,* 795 S.W.2d 511 (Mo.App.1990).

In this case, the same judge who ordered entry of the amended judgment presided over the contempt proceeding and concluded that "retirement pay," as used in the

amended judgment, had to mean "disposable retired pay" as defined by the Former Spouses Act and *Mansell.* The interpretation of an amended judgment is a question of law which is fully reviewable by this court. *Johnson v. Johnson,* 527 N.W.2d 663 (N.D. 1995); *Sullivan v. Quist,* 506 N.W.2d 394 (N.D.1993). A judgment is construed to harmonize and give effect to all of its provisions. *Quist.* If the language of a judgment is clear and unambiguous, it must be construed to give effect to that unambiguous language. *Id.* If the language of a judgment is ambiguous, we give great weight to a trial court's construction of its own decree. *Anderson v. Anderson,* 522 N.W.2d 476 (N.D.1994). However, we will not give deference to the same trial court's construction of its own decree if it misapplies the law in interpreting the decree.

Here, the trial court was wrong in concluding that the Former Spouses' Act and *Mansell* require "retirement pay," as used in the amended judgment, to be construed to mean "disposable retirement pay." They do not. Under *Mansell,* the trial court had jurisdiction to treat Walter's "disposable retirement pay" as marital property subject to division. After subtracting the $844.58 per month Walter was required to waive under the Dual Compensation Act from his $2,465.00 monthly total retirement pay, Walter was left with $1,620.42 monthly in disposable retirement pay. The Former Spouses' Act gives a state court jurisdiction to award up to 50 percent of a member's disposable retirement pay. 10 U.S.C. § 1408(e)(1). The trial court therefore had jurisdiction to award Cynthia up to $810.21 monthly, more money than she had been receiving prior to Walter's waiver under the Dual Compensation Act. *Mansell* and the Former Spouses' Act did not require the trial court to import a given definition into the amended judgment; they merely limited the size of the pie from which the trial court could cut in determining a property division.

---

2. 10 U.S.C.S. § 1408(e)(1) was amended in 1990 to apply the 50 percent limitation to the amount of disposable retired pay of a member payable under all court orders. 104 Stat. 1569 (1990). Before that amendment, the 50 percent limitation applied only to the direct government payment procedure permitted by 10 U.S.C.S.

§ 1408(d). *See Deliduka v. Deliduka,* 347 N.W.2d 52 (Minn.App.1984) (Former Spouses' Act grants state courts authority to award all disposable retired pay to former spouse, but limits direct government payments to 50 percent of disposable retired pay).

*Cf. Vitko v. Vitko*, 524 N.W.2d 102 (N.D.1994) (*Mansell* is to be construed narrowly to allow trial court to consider parties' ultimate economic circumstances in dividing their marital property).

We agree, however, with the trial court's result: it did not err when it dismissed Cynthia's contempt action. We disagree with the trial court's reasoning, but we will not set aside a correct result based on flawed reasoning if the result is the same under the correct law and reasoning. *Hummel v. Mid Dakota Clinic, P.C.*, 526 N.W.2d 704 (N.D.1995). A remedial sanction for contempt is inappropriate when a court's judgment is not clear. *See Anchor Estates*, 466 N.W.2d at 111. Here, when the amended judgment is construed to give effect to all of its provisions, *Quist*, the "retirement pay" language is not clear in two respects and suggests that "36.5 percent of [Walter's] retirement pay" may have been intended to mean an amount within the jurisdictional limits of the Former Spouses' Act, but not 36.5 percent of Walter's "disposable retired pay."

The language of the amended judgment is ambiguous, because it awards Cynthia a percent of Walter's "retirement pay remaining after deduction of federal withholding." The definition of "disposable retired pay" in 10 U.S.C.S. § 1408(a)(4) was amended in 1990, to no longer require a deduction of federal withholding from total monthly retired pay to calculate "disposable retired pay." 104 Stat. 1569 (1990). Thus, the language awarding Cynthia a percent of Walter's "retirement pay remaining after deduction of federal withholding" suggests something other than "disposable retired pay" under 10 U.S.C.S. § 1408(a)(4).

There is a second ambiguity in the amended judgment because of its procedure for payment to Cynthia. The amended judgment requires Walter to "make the necessary arrangements so that the retirement benefits to be paid to [Cynthia] shall be by allotment." However, the direct government payment mechanism contemplates that the former spouse request those payments. 32 C.F.R. §§ 63.4, 63.6(b). The language of the amended judgment does not follow the statutory procedure for implementing the direct government payment mechanism and does not refer to direct government payments of disposable retired pay. The arrangements for payment in the amended judgment suggest a different procedure than direct government payment of a percent of "disposable retired pay." [3]

When considered in the context of the two provisions we have discussed, the meaning of the term "retirement pay" is not clear. In a comparable situation in *Anchor Estates, supra*, we affirmed the dismissal of a contempt proceeding against the State, holding that the trial court did not abuse its discretion in refusing to find the State in contempt for allegedly violating the terms of a prior judgment, because the prior judgment was not clear about ownership of a riverbed. Because the amended judgment is not clear about the division of Walter's "retirement pay," we conclude the trial court did not abuse its discretion in dismissing the contempt proceeding against Walter.

However, additional proceedings are necessary to appropriately resolve this case. This contempt proceeding was initiated to enforce the amended judgment. In reaching its decision to dismiss, the trial court clarified the amended judgment under a misconception of the requirements of federal law. Therefore, we remand for further proceedings to clarify the amended judgment under proper application of federal law.

We affirm the trial court's dismissal of the order to show cause, and we remand for further proceedings.

VANDE WALLE, C.J., and
SANDSTROM, MESCHKE and
NEUMANN, JJ., concur.

---

3. For purposes of implementing the direct government payment mechanism, a "court order must specifically provide that payment is to be made from disposable retired pay," 32 C.F.R. § 63.6(a)(1), and "[c]ourt orders specifying a percentage or fraction of retired pay shall be construed as a percentage or fraction of disposable retired pay." 32 C.F.R. § 63.6(c)(8). Both of those provisions relate to procedures for the former spouse to request direct government payment. Here, the amended judgment suggests a different payment procedure.