2004 ND 58

**Robert D. GIESE, Plaintiff
and Appellant,**

v.

**Eva GIESE, Defendant and Appellee.**

No. 20030278.

Supreme Court of North Dakota.

March 23, 2004.

Arnold V. Fleck, Fleck Law Office, Bismarck, N.D., for plaintiff and appellant.

Richard B. Baer, Richard B. Baer, P.C., Bismarck, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1] Robert D. Giese appealed from orders of the district court holding him in contempt and awarding his former spouse, Eva Giese, damages for Robert's intentional failure to comply with the provisions of the parties' divorce decree dividing Robert's retirement benefits. We hold the district court did not abuse its discretion in finding Robert Giese in contempt and did not err in awarding damages, including costs and attorney fees, to Eva Giese. We affirm in part, reverse in part, and remand with instructions that the district court amend its orders to permit Robert Giese to make a lump sum payment of the damage award and to set a date by which such lump sum payment must be made.

I

[¶ 2] Robert and Eva Giese were divorced on March 26, 1998, after a long-term marriage. The divorce decree awarded Eva twenty percent of Robert's employee retirement benefit and directed Robert's attorney to prepare an appropriate order to accomplish the retirement split. The court entered an order on January 22, 1999, slightly modifying the terms of the retirement division, but retaining the eighty/twenty percent allocation of the account employing the value as of March 26, 1998. The court ordered Eva's attorney to prepare an amended judgment and a Qualified Domestic Relations Order ("QDRO") to accomplish the division of the retirement account between the parties. Despite the court's directive, a QDRO was not prepared.

[¶ 3] Robert Giese retired on November 1, 2001, and began receiving monthly retirement benefits. Eva Giese did not receive her share of the benefits.

[¶ 4] After this Court filed its opinion in *Giese v. Giese*, 2002 ND 194, ¶ 14, 653 N.W.2d 663, affirming the district court's

order enforcing the divorce judgment, a QDRO was approved by the plan administrator of Robert Giese's retirement account, and, effective March 1, 2003, Eva Giese began receiving $200.00 per month as her share of Robert's retirement benefits. On May 22, 2003, Eva filed a motion seeking damages for Robert's failure to give her a twenty percent share of the retirement benefits he had received from November 1, 2001, through February 2003, and requesting the court to award those damages under its contempt powers. On July 10, 2003, the district court issued an order to show cause, directing Robert Giese to appear before the court to show cause why he should not be held in contempt of court for his failure to comply with the divorce decree. In its order, the court directed Robert to produce at the hearing itemized statements from the plan administrator of his retirement account, identifying for the court "all disbursements from and after the date of divorce, or date of retirement, the amount thereof, and the payee of the same."

[¶ 5] After a hearing, the court entered an order on July 24, 2003, finding Robert Giese in contempt of court for failure to comply with the divorce decree and ordering him to pay past due retirement benefits to Eva Giese, for the period of November 1, 2001, through February 28, 2003, totaling $3,610.08, together with interest of six percent per annum, for a total award of $3,826.68. In an amended order, dated September 19, 2003, the court awarded Eva Giese attorney fees for the proceedings in the amount of $500, for a total award of $4,326.68, and the court directed the administrator of Robert Giese's retirement account to pay fifty percent of Robert Giese's retirement benefits to Eva Giese until she has received the equivalent of the damages awarded, plus interest at six percent per annum, in addition to her monthly percentage of twenty percent of the retirement benefit. Robert Giese appeals from the July 24, 2003 order and the September 19, 2003 amended order.

## II

[¶ 6] On appeal, Robert Giese asserts the district court did not have jurisdiction "over Eva's claim arising from the payment of retirement benefits to Robert prior to the approval of the Qualified Domestic Relations Order." For a court to issue a valid order or judgment, the court must have jurisdiction over both the subject matter of the action and the parties. *Albrecht v. Metro Area Ambulance*, 1998 ND 132, ¶ 10, 580 N.W.2d 583. Subject matter jurisdiction is the court's power to hear and determine the general subject involved in the action. *Id.* Section 14–05–25.1, N.D.C.C., provides, "[f]ailure to comply with the provisions of a divorce decree relating to distribution of the property of the parties constitutes contempt of court." This statute provides for contempt proceedings to enforce divorce judgments. *Peters–Riemers v. Riemers*, 2002 ND 49, ¶ 5, 641 N.W.2d 83.

[¶ 7] Robert Giese concedes in his appellate brief that the court has continuing jurisdiction in a divorce action to enforce the provisions of its judgment by way of contempt and the court has continuing jurisdiction to enforce property distributions "by way of contempt and through separate actions." However, Robert Giese argues that he complied with the provisions of the divorce judgment and that, because the delay in the processing of the QDRO was due to the failure of Eva Giese's attorney to timely prepare it, "the trial court's enforcement by way of contempt was not appropriate. That leaves the trial court on remand from this appeal without subject matter jurisdiction to address Eva's claim." Robert's argument is not persuasive. Under N.D.C.C. § 14–05–25.1, the

district court had subject matter jurisdiction over these contempt proceedings.

## III

[¶ 8] Robert Giese asserts the trial court abused its discretion in finding him in contempt. Civil contempt requires a willful and inexcusable intent to violate a court order. *Flattum–Riemers v. Flattum–Riemers,* 1999 ND 146, ¶ 5, 598 N.W.2d 499. The ultimate determination of whether or not a contempt has been committed is within the trial court's sound discretion. *Id.* A trial court's finding of contempt will not be overturned unless there is a clear abuse of discretion. *Id.* An abuse of discretion occurs when the trial court acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law. *BeauLac v. BeauLac,* 2002 ND 126, ¶ 10, 649 N.W.2d 210.

[¶ 9] The trial court found that Robert Giese violated the court's divorce judgment by receiving and retaining the full retirement benefits, thereby denying Eva Giese her twenty percent share of the retirement benefit. In the divorce decree, the district court awarded Eva Giese twenty percent of Robert Giese's retirement benefit, and in its amended judgment, the court expressly stated that the retirement account was to be shared by Robert Giese and Eva Giese in an eighty/twenty percent division. In the divorce decree, Eva Giese's right to receive a twenty percent portion of the retirement benefit was not made contingent upon effecting an acceptable QDRO. A QDRO is a judgment, decree, or order, relating to child support, spousal support, or marital property rights, which creates or recognizes the existence of an alternate payee's right to receive all or a portion of the benefits payable with respect to a participant under a plan. *See Chapman v. Wells,* 557 N.W.2d 725, 727 n. 1 (N.D.1996). Eva Giese's right to receive a twenty percent share of Robert Giese's retirement benefit was created by and made a part of her property award under the March 26, 1998, divorce judgment. The district court found that Robert Giese exhibited a willful and inexcusable intent to violate that judgment by receiving and retaining the entire retirement benefit, thereby denying Eva Giese her court-awarded share. We conclude the trial court did not act in an arbitrary, unreasonable, or unconscionable manner in finding Robert Giese in contempt for willfully denying Eva Giese her retirement benefit award. We, therefore, conclude the court's decision does not constitute an abuse of discretion.

## IV

[¶ 10] Robert Giese asserts the district court erred in calculating Eva Giese's damages and in not considering the federal income tax ramifications of the award. In its order of July 10, 2003, the district court directed Robert Giese to produce itemized statements from the retirement plan administrator identifying all disbursements from the plan and the payee of those disbursements. In response, Robert Giese submitted a letter to the court from the plan administrator. The letter states that effective November 1, 2001, Robert Giese's benefit "was initially approved in the gross amount of $956.25 per month." It states that his first check, covering a two-month period, was "in the gross amount of $1,912.50." The letter then states, "[f]rom his monthly gross benefit, $150.00 is deducted for Retiree Health Plan coverage, and $21.88 is currently being deducted for federal income taxes." In the second paragraph of the letter, it states that beginning March 1, 2003, $200.00 per month has been deducted from Robert Giese's benefit, and on that date, he began receiv-

ing "a gross monthly benefit of $756.25." On its face, this letter is ambiguous. A reasonable interpretation of the letter is that, commencing in November 2001, Robert Giese received a check in the amount of $956.25 per month after deductions for retiree health plan coverage of $150.00 per month and for federal income taxes of $21.88 per month. Under that interpretation, the district court added those deductions to the amount of his monthly check and arrived at a benefit of $1,128.13. Using this benefit figure, the district court computed Eva Giese's total damages for the period she was denied a share of the retirement benefit, in the amount of $3,610.08. To that amount the court awarded interest at the rate of six percent per annum and attorney fees in the amount of $500 for a total award of $4,326.68.

[¶ 11] In resolving factual disputes, the trial court's findings of fact will not be overturned unless they are clearly erroneous. N.D.R.Civ.P. 52(a). We conclude, on the evidence presented to it, the trial court's computation is fair and reasonable and its findings are not clearly erroneous. Additionally, Robert Giese has not directed us to authority requiring the district court to consider federal income tax ramifications in awarding damages for willful failure to comply with a court judgment. Consequently, we are unpersuaded by Robert Giese's argument that the district court erred in computing damages in this case.

## V

[¶ 12] Robert Giese asserts the district court abused its discretion in awarding attorney fees to Eva Giese. Under N.D.C.C. § 27–10–01.4(1)(a), the court may impose the following as a remedial sanction for contempt:

Payment of a sum of money sufficient to compensate a party or complainant, other than the court, for a loss or injury suffered as a result of the contempt, including an amount to reimburse the party for costs and expenses incurred as a result of the contempt.

The court, in its discretion, may award attorney fees as part of the compensation to the complainant in contempt proceedings as reimbursement for costs and expenses incurred as a result of the contempt. *Lauer v. Lauer*, 2000 ND 82, ¶ 11, 609 N.W.2d 450. On this record, we find no abuse of discretion by the district court in awarding attorney fees of $500.00 to Eva Giese for the proceedings before the lower court.

## VI

[¶ 13] The district court ordered that the damages award be paid from Robert Giese's retirement benefit distributions. Robert Giese asserts the trial court should have allowed him to make a lump sum payment of the award. Eva concurs that Robert should be allowed to make a lump sum payment of the damages instead of having them taken from the retirement benefit distribution. In view of the parties' agreement on this issue, we reverse that part of the court's order requiring the damages to be paid only from the retirement benefit, and we instruct the district court to order, as an alternative, that Robert Giese be allowed to make a lump sum payment of the entire award by a specified date. The amended order should specify that in the event Robert Giese fails to make the lump sum payment by the specified date, the district court may fashion another remedy available through its contempt power.

## VII

[¶ 14] Eva Giese has requested attorney fees on this appeal. Under

N.D.R.App.P. 38, this Court can award attorney fees when an appeal is frivolous. We conclude that, based upon this record, an award of attorney fees is not warranted, and we, therefore, deny the request.

## VIII

[¶ 15]   The orders of the district court finding Robert Giese in contempt and awarding damages are affirmed in part, reversed in part, and the case is remanded with instructions that the court amend the orders to allow Robert Giese to pay the damages awarded in a lump sum payment by a specified date.

[¶ 16] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.