2006 ND 79

In the Interest of Payton R. SPICER.

Payton R. Spicer, Amanda R. Collette, the parent and natural Guardian of Payton R. Spicer, Plaintiffs and Appellees,

and

The Grand Forks County Social Service Board, Assignee for Amanda R. Collette, Plaintiff,

v.

Nathan M. Spicer, Defendant and Appellant.

No. 20050366.

Supreme Court of North Dakota.

April 19, 2006.

Sherylin K. Jordan, Rosenquist & Arnason, Grand Forks, N.D., for plaintiffs and appellees.

Patti J. Jensen, Galstad, Jensen & McCann, PA, East Grand Forks, MN, for defendant and appellant.

MARING, Justice.

[¶ 1] Nathan Spicer appealed from an amended judgment denying his request to hold Amanda Collette in contempt for failing to comply with the visitation provisions of an existing judgment, finding Spicer consented to Collette's move to Michigan with the parties' child, and modifying the visitation schedule. We conclude the district court addressed the contempt issue and did not abuse its discretion in finding Collette was not in contempt; the court

did not clearly err in finding Spicer consented to the child's move to Michigan; and the court did not clearly err in modifying the parties' visitation schedule. We affirm the amended judgment.

## I

[¶ 2] The parties have one child together, who was born in 2001. In 2002, the parties agreed Collette would be the child's custodial parent and Spicer would have reasonable visitation. The district court subsequently incorporated the parties' agreement into a judgment. An amended judgment was entered in 2003, setting child support. In 2004, a second amended judgment was entered, establishing a visitation schedule.

[¶ 3] Shortly after the second amended judgment was entered, Collette was accepted into a physician's assistant program in Michigan. Collette notified Spicer of her intention to move to Michigan with the child. Spicer admits he agreed to the move, subject to Collette agreeing to a visitation schedule. The parties reached an agreement regarding visitation; however, they did not reduce their agreement to writing and they dispute the terms of that agreement.

[¶ 4] In April 2005, a dispute arose between the parties regarding Spicer's visitation under the oral agreement. During an April visitation with Spicer in North Dakota, Collette took the child back to Michigan without giving Spicer notice. Spicer obtained an ex parte order requiring Collette return the child to North Dakota to finish the April visitation. Collette received notice of the order, but failed to return the child.

[¶ 5] In May 2005, Spicer requested and received an order to show cause why Collette should not be found in contempt for failure to comply with the visitation schedule set out in the second amended judgment. Spicer also moved to modify the visitation schedule. After a hearing, the district court found Collette was not in contempt and Spicer consented to the move to Michigan. The court also modified the parties' visitation schedule.

## II

[¶ 6] Spicer argues the district court erred in failing to address the order to show cause. He argues the evidence is clear that Collette refused to comply with the court's April ex parte order, and therefore, the court should have found her in contempt. Spicer also argues the court failed to address his request for attorney's fees. He seeks a remand with instructions for the court to find Collette in contempt and to issue an order for appropriate sanctions.

### A

[¶ 7] Spicer's motion sought to find Collette in contempt for failing to comply with the second amended judgment, which set out the terms of visitation before she moved to Michigan. His motion did not seek to find Collette in contempt for failure to comply with the April ex parte order, and we therefore reject Spicer's claim regarding the April ex parte order.

### B

[¶ 8] We have consistently held that the district court must provide an adequate explanation for us to understand the basis for its decision. *See, e.g., State v. Bergstrom*, 2006 ND 45, ¶ 15, 710 N.W.2d 407; *VND, LLC v. Leevers Foods, Inc.*, 2003 ND 198, ¶ 27, 672 N.W.2d 445. However, we will not reverse a district court's decision when "valid reasons are fairly discernable, either by deduction or inference." *Huntress v. Griffey*, 2002 ND 160, ¶ 8, 652 N.W.2d 351.

[¶ 9] In this case, the district court did not make specific findings on the issue of contempt. Although we encourage the court to make specific findings, we can ascertain the basis for its decision. The court acknowledged that Spicer had brought a motion for contempt, and in the context of discussing visitation, the court concluded confusion and turmoil resulted after the parties failed to reduce their post-relocation visitation agreement to writing. The court discussed the resulting disagreements that surrounded visitation. The court found Collette's move to Michigan was a material change that necessitated a modification of visitation.

[¶ 10] We can infer from the court's discussion that the court determined the parties' confusion about the oral visitation agreement was the reason Collette failed to comply with the second amended judgment. We conclude the court's explanation is sufficient for us to understand that the court concluded Collette was not in contempt. Moreover, the district court also specifically addressed Spicer's request for attorney's fees and concluded each party was responsible for his or her own attorney's fees.

[¶ 11] "Civil contempt requires a willful and inexcusable intent to violate a court order." *BeauLac v. BeauLac*, 2002 ND 126, ¶ 10, 649 N.W.2d 210 (quoting *Flattum–Riemers v. Flattum–Riemers*, 1999 ND 146, ¶ 5, 598 N.W.2d 499). Whether or not contempt has been committed is within the district court's discretion. *Montgomery v. Montgomery*, 2003 ND 135, ¶ 18, 667 N.W.2d 611. The district court's finding of contempt "will not be overturned unless there is a clear abuse of discretion." *Id.* (quoting *BeauLac*, at ¶ 10). A court abuses its discretion if the court acts arbitrarily, unreasonably, or unconscionably, or if it misinterprets or misapplies the law. *Montgomery*, at ¶ 18.

[¶ 12] The district court's explanation and findings about the parties' confusion resulting from their visitation agreement are supported by the record, and support a determination that Collette did not willfully and inexcusably violate the second amended judgment. We conclude the court did not act arbitrarily, unreasonably, or unconscionably, or misinterpret or misapply the law in deciding Collette was not in contempt for failure to comply with the second amended judgment. We therefore conclude the court did not abuse its discretion in finding Collette was not in contempt.

### III

[¶ 13] Spicer argues the district court erred in finding he consented to Collette's move to Michigan with the parties' child.

[¶ 14] Section 14–09–07, N.D.C.C., states, "[a] parent entitled to the custody of a child may not change the residence of the child to another state except upon order of the court or with the consent of the non-custodial parent, if the noncustodial parent has been given visitation rights by the decree." Whether the non-custodial parent consented to the relocation of the child is a factual question, and this Court will not substitute its judgment for that of the district court unless the court's decision is clearly erroneous under N.D.R.Civ.P. 52(a). A district court's finding is clearly erroneous "only if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence, we are left with a definite and firm conviction that a mistake has been made." *Stout v. Stout*, 1997 ND 61, ¶ 7, 560 N.W.2d 903.

[¶ 15] The district court found Spicer consented to Collette's move to Michigan

with their minor child. The court's finding is supported by Spicer's testimony. Spicer testified regarding Collette's decision to move to Michigan, stating, "We spoke about it and I realized that it is, you know, to better herself that I should not hold her back in North Dakota so I let her go, although we did not come to an agreement for visitation until right before she left." Spicer was also asked if he gave Collette permission to move to Michigan with the child, and he responded, "I gave her verbal communication she could leave.... That was my consent under the conditions we had." There is evidence to support the court's finding that Spicer gave Collette consent to move the child to Michigan. We are not left with a definite and firm conviction the court made a mistake, and the court's decision is not clearly erroneous.

## IV

[¶ 16] Spicer argues the district court erred in modifying the visitation schedule because the court failed to adopt his proposed visitation schedule and the evidence does not support restricting his visitation time.

[¶ 17] The district court's decision on modification of visitation is a finding of fact that will not be reversed on appeal unless it is clearly erroneous. *Bertsch v. Bertsch*, 2006 ND 31, ¶ 5, 710 N.W.2d 113. The best interests of the child are paramount in awarding visitation, rather than the wishes or desires of the non-custodial parent. *Id.*

[¶ 18] This Court has long recognized that relocation may make it impossible for the non-custodial parent to enjoy the same visitation the parent had before the move. *See Goff v. Goff*, 1999 ND 95, ¶ 17, 593 N.W.2d 768. Therefore, some reduction in visitation may occur, but the goal is to provide sufficient visitation to allow the non-custodial parent and child to preserve and foster their relationship. *Hawkinson v. Hawkinson*, 1999 ND 58, ¶ 9, 591 N.W.2d 144.

[¶ 19] Here, Spicer proposed a visitation schedule that would require the child spend alternating periods of six weeks with Collette and then four weeks with him. The district court decided Spicer's proposed visitation schedule was too unstable. Instead, the court set a visitation schedule similar to that proposed by Collette, which allowed Spicer holiday and extended summer visitation. The court's decision indicates it was concerned with the instability in Spicer's proposed visitation schedule because of the child's young age and the fact Collette wanted the child to begin pre-school. The court decided an extended summer visitation would better serve the child's best interests and preserve Spicer's relationship with the child. There is sufficient evidence to support the district court's decision, and we are not left with a definite and firm conviction the court made a mistake.

[¶ 20] During oral argument to this Court, there was some question about whether the district court provided Collette with two unspecified weeks of visitation during Spicer's 2006 summer visitation. The judgment provides, "[c]ommencing [s]ummer of 2006, [Spicer] is entitled to summer visitation with [the child] commencing June 17, 2006, through Saturday, July 1, 2006, and again from July 9, 2006, until August 13, 2006." In a separate paragraph, the judgment sets out summer visitation starting in 2007 and includes a provision that Collette is entitled to spend two weeks with the child during Spicer's summer visitation. The language providing Collette with two weeks of visitation during the summer applies only to 2007 and all years af-

ter, it does not apply to Spicer's 2006 summer visitation. Collette conceded this during oral argument to this Court. Collette is only entitled to visitation between July 1 and July 9, during Spicer's 2006 summer visitation.

[¶ 21] We conclude the district court's decision modifying the parties' visitation schedule is not clearly erroneous.

## V

[¶ 22] Collette requests this Court award her attorney's fees and costs associated with the appeal under N.D.R.App.P. 38.

[¶ 23] Rule 38, N.D.R.App.P., provides, "[i]f the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney's fees." "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith."

*Healy v. Healy*, 397 N.W.2d 71, 76 (N.D. 1986).

[¶ 24] We conclude Spicer's appeal is not frivolous or taken in bad faith, and we deny Collette's request for attorney's fees.

## VI

[¶ 25] We affirm the amended judgment and deny Collette's request for her attorney's fees and costs for appeal under N.D.R.App.P. 38.

[¶ 26] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.

DALE V. SANDSTROM, J., concurs in the result.