2006 ND 157

**Terry L. JOHNSON, Plaintiff, Appellant and Cross–Appellee**

v.

**Thomas E. GEHRINGER, Defendant, Appellee and Cross–Appellant.**

No. 20050394.

Supreme Court of North Dakota.

July 18, 2006.

Tom P. Slorby, Slorby Law Office, Minot, ND, for plaintiff, appellant and cross-appellee.

James G. Wolff, Farhart Wolff, P.C., Mohall, ND, for defendant, appellee and cross-appellant.

VANDE WALLE, Chief Justice.

[¶ 1] The parties' partnership was dissolved by an amended judgment in 2001. Thomas Gehringer made a motion to the district court asking the court to hold Terry Johnson in contempt of court and to impose remedial sanctions for violating the amended judgment. The district court found Johnson in contempt and imposed sanctions of damages, interest, and attorney's fees against Johnson. Johnson appealed from the judgment of contempt. We affirm.

I

[¶ 2] Johnson and Gehringer were involved in a partnership known as Propane Services. The business primarily involved the sale and delivery of bulk propane and also included the installation and repair of heating and air conditioning equipment. The partnership was later dissolved by a judgment, order for sale, and amended judgment. Under the dissolution, Gehringer purchased Johnson's partnership interest for $141,000. The amended judgment provided "[t]hat Terry L. Johnson is enjoined and restrained for a period of three (3) years from engaging in a business similar to Propane Services in the City of Mohall, North Dakota, and within a forty (40) mile radius immediately surrounding the City of Mohall, North Dakota."

[¶ 3] In 2002, Johnson started a new business called A–OK Heating and Air Conditioning. It is undisputed that Johnson installed and repaired residential and commercial heating and air conditioning systems within forty miles of Mohall. Johnson maintains he did not engage in bulk propane sales or delivery. Johnson ultimately took a position as an employee of a civilian contractor conducting business on the Minot Air Force Base which included heating and refrigeration work.

[¶ 4] Gehringer moved the district court to find Johnson in contempt of the non-competition clause and asked the dis-

trict court to impose sanctions. Gehringer argued Johnson violated the amended judgment by installing and repairing residential and commercial heating and air conditioning systems within forty miles of Mohall through his company A–OK Heating and Air Conditioning. Gehringer did not allege Johnson engaged in the sale and delivery of bulk propane.

[¶ 5] The district court determined Johnson engaged in business activities that the partnership had been engaged in. The district court found Johnson in contempt and ordered sanctions.

[¶ 6] The district court found that Johnson's activities represented five percent of the total business activities of Propane Services. The court ordered Johnson to pay Gehringer five percent of the amount Gehringer paid Johnson to purchase Johnson's share of the partnership. The court also ordered Johnson to pay interest at six percent per year from the date Johnson began the activities that violated the amended judgment. The court also ordered Johnson to pay Gehringer reasonable attorney's fees and costs for bringing the contempt motion.

## II

[¶ 7] Johnson argues the district court abused its discretion by finding him in contempt for violating the amended judgment. "The ultimate determination of whether or not a contempt has been committed is within the trial court's sound discretion." *Giese v. Giese*, 2004 ND 58, ¶ 8, 676 N.W.2d 794. "A trial court's finding of contempt will not be overturned unless there is a clear abuse of discretion." *Id.* "An abuse of discretion occurs when the trial court acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law." *Id.*

[¶ 8] The amended judgment provided that Johnson was enjoined and restrained from "engaging in a business similar to Propane Services" for three years. The amended judgment capitalizes the words "Propane Services" and uses the proper name of this business partnership, not the words "propane services" in a general sense. The amended judgment thus unambiguously states that Johnson may not engage in business activities similar to those activities this particular business partnership engaged in. The record is clear that part of Propane Services' business activities included the repair and installation of furnaces and air conditioning equipment.

[¶ 9] "The interpretation of an amended judgment is a question of law which is fully reviewable by this court." *Knoop v. Knoop*, 542 N.W.2d 114, 117 (N.D.1996). "A judgment is construed to harmonize and give effect to all of its provisions." *Id.* "If the language of a judgment is clear and unambiguous, it must be construed to give effect to that unambiguous language." *Id.* "If the language of a judgment is ambiguous, we give great weight to a trial court's construction of its own decree." *Id.*

[¶ 10] In its contempt order, the district court found Johnson engaged in the repairing and installation of furnaces and air conditioning equipment, both business activities done by Propane Services. The district court also stated these activities may have helped Propane Services retain or attract customers.

[¶ 11] "We have consistently held that the district court must provide an adequate explanation for us to understand the basis for its decision." *In re Spicer*, 2006 ND 79, ¶ 8, 712 N.W.2d 640. "However, we will not reverse a district court's decision when 'valid reasons are fairly discernable, either by deduction or inference.'" *Id.*

[¶ 12] Based on the evidence in the record, it was not unreasonable for the

district court to find that Johnson engaged in business activities that were done by Propane Services. The district court did not find Johnson's employment as a civilian contractor at the Minot Air Force Base to be in violation of the amended judgment. The district court did not act in an arbitrary, unreasonable, or unconscionable manner and did not abuse its discretion by holding Johnson in contempt.

### III

[¶ 13] Johnson also argues the district court erred by awarding damages. Specifically, Johnson argues Gehringer suffered no damages as a result of Johnson's actions.

[¶ 14] The North Dakota Century Code authorizes courts of record to impose a remedial or punitive sanction for contempt of court. N.D.C.C. § 27–10–01.2. "A sanction requiring payment of a sum of money is remedial if the sanction is imposed to compensate a party or complainant, other than the court, for loss or injury suffered as a result of the contempt." N.D.C.C. § 27–10–01.1(4). Section 27–10–01.4(1)(a), N.D.C.C., allows the district court to impose a sanction of "[p]ayment of a sum of money sufficient to compensate a party or complainant, other than the court, for a loss or injury suffered as a result of the contempt, including an amount to reimburse the party for costs and expenses incurred as a result of the contempt."

[¶ 15] Based on the record before it, the district court determined the repair and installation of furnaces and air conditioning equipment accounted for five percent of Propane Services' total business. The district court ordered Johnson to pay Gehringer five percent of the amount Gehringer paid Johnson for Propane Services when the partnership was dissolved, plus interest. When the partnership was dissolved Gehringer paid Johnson a sum of money so Gehringer could keep operating Propane Services. Johnson violated the amended judgment by engaging in business similar to the business services offered by Propane Services. Since repair and installation of furnaces and air conditioning equipment accounted for five percent of Propane Services' total business, the district court determined it would be appropriate to require Johnson to pay Gehringer five percent of the purchase price Gehringer paid Johnson for Propane Services. Although other measures of compensation for the contempt may also have been appropriate, the amount of the compensation imposed by the district court relates to Gehringer's injury which was caused by Johnson's contempt. The district court did not abuse its discretion in its damage award.

[¶ 16] The district court also required Johnson to pay Gehringer's reasonable attorney's fees and costs for bringing the contempt action. The district court, "in its discretion, may award attorney fees as part of the compensation to the complainant in contempt proceedings as reimbursement for costs and expenses incurred as a result of the contempt." *Giese v. Giese*, 2004 ND 58, ¶ 12, 676 N.W.2d 794; N.D.C.C. § 27–10–01.4(1)(a). On this record, we find no abuse of discretion by the district court in awarding reasonable attorney's fees and costs to Gehringer.

### IV

[¶ 17] The district court's judgment finding Johnson in contempt and imposing sanctions against Johnson is affirmed.

[¶ 18] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.