# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 104

Douglas Arnold and Thomas Arnold,  Plaintiffs and Appellees

v.

Trident Resources, LLC, American

Power Company, Inc. and American Power

Group Corporation,  Defendants

and

Thomas Lockhart, individually and

as an officer and director of Trident

Resources, LLC,  Defendant and Appellant

## No. 20190322

Appeal from the District Court of Mountrail County, North Central Judicial District, the Honorable Richard L. Hagar, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Thomas E. Kalil, Williston, ND, for plaintiffs and appeleees.

William C. Black, Bismarck, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1] Thomas Lockhart appeals from an order finding him in contempt, imposing a sanction requiring the forfeiture of $300,000 to Douglas Arnold and Thomas Arnold, and divesting him of any management rights in Trident Resources, LLC. Lockhart argues the district court's order improperly imposes a punitive sanction for his contempt. We reverse and remand this case to the district court for further findings in support of the sanction imposed for Lockhart's contempt.

I

[¶2] In 2013, Lockhart and the Arnolds entered into business capturing and compressing natural gas. The parties formed Trident Resources, with Lockhart owning a 70% interest and each of the Arnolds owning a 15% interest. Trident Resources owned two well processing units (WPUs), each purchased for $300,000.

[¶3] In 2015, the Arnolds initiated this action seeking reformation of the Trident Resources' member control and operating agreement to clarify the parties' respective ownership interests. Following a bench trial, the court ordered the entry of a judgment confirming Lockhart's ownership of a 70% interest and each of the Arnold's 15% ownership interest in Trident Resources.

[¶4] Before the entry of the judgment, Lockhart informed the Arnolds he had received an offer from Black Butte Resources to purchase one of the WPUs for $300,000. The Arnolds consented to the sale of the WPU, provided the proceeds were deposited into their attorney's trust account. Lockhart agreed to deposit the funds into the trust account as requested by the Arnolds.

[¶5] When it appeared Lockhart had failed to deposit the funds into the trust account, the Arnolds filed a motion seeking to discover the location of the WPU and the sale proceeds. Before the hearing on the Arnolds' motion, Lockhart deposited $100,000 into the trust account. At the hearing, the court ordered

Lockhart to provide the Arnolds and the court with information regarding the WPU that had been sold and the date the remaining $200,000 would be deposited into the trust account. The court further ordered that if Lockhart failed to provide the information within 15 days of the hearing a sanction of $5,000 would be imposed with an additional $1,000 sanction for every subsequent week the information was not provided. Additionally, the court provided that if the information was not given within 30 days, the Arnolds could request a hearing for the court to consider additional sanctions. Lockhart eventually deposited $200,000 into the trust account and filed an affidavit stating Black Butte had purchased the WPU and the WPU had been transferred to Black Butte.

[¶6] Subsequent to Lockhart filing his affidavit, the Arnolds learned the WPU had not been sold to Black Butte for $300,000, but had instead been sold to another party for $500,000. The Arnolds filed a motion requesting the court to find Lockhart in contempt and for the imposition of appropriate sanctions. At the hearing on the motion, Lockhart conceded his affidavit was false and stipulated to the entry of a finding of contempt.

[¶7] The court found Lockhart in contempt "by virtue of having knowingly made and filed a false affidavit" and imposed the following sanction:

> a. Defendants Thomas Lockhart and Trident Resources, LLC have no right, claim or interest in the $300,000.00 placed into escrow with the Plaintiffs' attorney. The Plaintiff's attorney may immediately disperse this money to the Plaintiffs. Any remaining debts owed by Trident Resources, LLC, with the exception of any unpaid storage fees from May 1, 2019 forward, shall be paid using the $200,000.00 received by Thomas Lockhart and which he failed to disclose to the Court.

> b. With regard to any remaining property of Trident Resources, LLC, Thomas Lockhart shall have no right whatsoever to dispose of, assign, or sell said property. The sale of any remaining property shall be negotiated solely by the Plaintiffs, but all contracts shall be signed by Thomas Lockhart and the Plaintiffs, with each person signing in their capacity as members and with Lockhart additionally signing as an officer/director of the LLC.

The court denied the Arnolds' request for an award of attorney fees, noting it had provided the $300,000 sanction.

[¶8] Lockhart does not contest the finding of contempt and challenges only the forfeiture of the $300,000. He argues the forfeiture is either an improperly imposed punitive sanction or a remedial sanction which exceeds the available remedial remedies.

II

[¶9] District courts have broad discretion in making contempt findings and those findings will be disturbed on appeal only if the district court has abused its discretion. *Upton v. Nolan*, 2018 ND 243, ¶ 18, 919 N.W.2d 181 (quoting *Booen v. Appel*, 2017 ND 189, ¶ 24, 899 N.W.2d 648). "A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner; its decision is not the product of a rational mental process leading to a reasoned determination; or it misinterprets or misapplies the law." *Id.*

[¶10] This Court exercises a very limited review of a district court's determination regarding contempt. *Upton v. Nolan,* 2018 ND 243, at ¶ 18. Our limited review of a finding of contempt requires the district court to provide an adequate explanation of the basis for its finding. *Johnson v. Gehringer*, 2006 ND 157, ¶ 11, 717 N.W.2d 920 (quoting *In re Spicer*, 2006 ND 79, ¶ 8, 712 N.W.2d 640). If valid reasons for the district court's finding are fairly discernable, either by deduction or inference, the finding will not be reversed. *Id.*

[¶11] Courts have the authority to impose remedial or punitive sanctions for contempt of court. N.D.C.C. § 27-10-01.2(1). When considering an alleged contempt, the district court must first decide whether a remedial or punitive sanction is applicable, and then apply the appropriate procedures for imposing the sanction. *Holkesvig v. Welte*, 2012 ND 14, ¶ 9, 809 N.W.2d 323. When a district court has failed to follow the appropriate procedure in contempt proceedings, this Court generally remands the case to the district court for a determination of whether the appropriate contempt proceedings should be initiated. *See Holkesvig v. Welte*, 2012 ND 14, ¶ 14, 809 N.W.2d 323; *Millang*

3

*v. Hahn*, 1998 ND 152, ¶ 19, 582 N.W.2d 665; *Endersbe v. Endersbe*, 555 N.W.2d 580, 583 (N.D. 1996).

III

[¶12] Lockhart argues the sanction imposed by the court was improper because it was either a procedurally deficient punitive sanction or a remedial sanction exceeding the available remedial sanction statutory remedies. Punitive sanctions and remedial sanctions are statutorily defined within N.D.C.C. § 27-10-01.1 as follows:

.    .    .    .

3.   "Punitive sanction" includes a sanction of imprisonment if the sentence is for a definite period of time. A sanction requiring payment of a sum of money is punitive if the sanction is not conditioned upon performance or nonperformance of an act, and if the sanction's purpose is to uphold the authority of the court.

4.   "Remedial sanction" includes a sanction that is conditioned upon performance or nonperformance of an act required by court order. A sanction requiring payment of a sum of money is remedial if the sanction is imposed to compensate a party or complainant, other than the court, for loss or injury suffered as a result of the contempt.

[¶13] The imposition of punitive sanctions for contempt is limited to two sets of circumstances. First, "[t]he state's attorney of a county, the attorney general, or a special prosecutor appointed by the court may seek the imposition of a punitive sanction by issuing a complaint charging a person with contempt of court and reciting the sanction sought to be imposed." N.D.C.C. § 27-10-1.3(1)(b). "The state's attorney, attorney general, or special prosecutor may initiate issuance of the complaint or may issue the complaint on the request of a party to an action or proceeding in a court or of the judge presiding in an action or proceeding." N.D.C.C. § 27-10-1.3(1)(b). While the issuance of a complaint as described in this paragraph may be appropriate and may occur in the future, no complaint has been issued in this case.

4

[¶14] The second set of circumstances allowing for the imposition of punitive sanctions arise when "[t]he judge presiding in an action or proceeding may impose a punitive sanction upon a person who commits contempt of court in the actual presence of the court." N.D.C.C. § 27-10-1.3(2). "The judge shall impose the punitive sanction immediately after the contempt of court and only for the purpose of preserving order in the court and protecting the authority and dignity of the court." N.D.C.C. § 27-10-1.3(2). The sanction imposed in this case was not initiated as the result of actions occurring in the presence of the court and were not imposed to preserve "order in the court and protecting the authority and dignity of the court."

[¶15] Neither of the two sets of circumstances allowing for the imposition of a punitive sanction were satisfied prior to the court imposing the sanctions in this case. We agree with Lockhart, to the extent the sanction was punitive, it was improperly imposed.

## IV

[¶16] Lockhart also asserts the sanction exceeds the statutorily defined remedial sanctions. A court may impose one or more of the following remedial sanctions:

> a. Payment of a sum of money sufficient to compensate a party or complainant, other than the court, for a loss or injury suffered as a result of the contempt, including an amount to reimburse the party for costs and expenses incurred as a result of the contempt;

> b. Imprisonment if the contempt of court is of a type included in subdivision b, c, d, e, or f of subsection 1 of section 27-10-01.1. The imprisonment may extend for as long as the contemnor continues the contempt or six months, whichever is shorter;

> c. A forfeiture not to exceed two thousand dollars for each day the contempt continues;

> d. An order designed to ensure compliance with a previous order of the court; or

5

e. A sanction other than the sanctions specified in subdivisions a through d if the court expressly finds that those sanctions would be ineffectual to terminate a continuing contempt.

N.D.C.C. § 27-10-01.4.

[¶17] The sanction imposed by the court does not include imprisonment as allowed under subsection (b). The sanction does not impose a forfeiture not to exceed two thousand dollars per day for a continuing contempt as allowed under subsection (c).

[¶18] The Arnolds contend the sanction can be affirmed as a sanction under subsection (a) as a payment of a sum of money sufficient to compensate the Arnolds for a loss or injury suffered as a result of the contempt. The Arnolds cite to this Court's prior decision in *Johnson v. Gehringer*, 2006 ND 157, 717 N.W.2d 920, as support for their argument. In *Johnson*, a sanction was imposed for violation of a judgment precluding one of the parties from engaging in the installation and repair of residential and commercial heating and air conditioning systems. *Id.* at ¶ 10. The Court determined the amount of the sanction after finding the installation of heating and air conditioning units was five percent of the cost the aggrieved party had paid for the total business it was allocated in the judgment. *Id.* at ¶ 15. The sanction was equal to five percent of the total cost. *Id.* We concluded as follows:

> Although other measures of compensation for the contempt may also have been appropriate, the amount of the compensation imposed by the district court relates to Gehringer's injury which was caused by Johnson's contempt. The district court did not abuse its discretion in its damage award.

*Id.*

[¶19] In *Johnson*, the district court provided an adequate explanation of the basis for its finding and a valid reason for the court's finding was fairly discernable, either by deduction or inference, from the record. In the present case, the sanction equaled twice the amount the Arnolds were owed, plus the expenses that were allocated to Lockhart. The court did not provide any link

6

between its imposition of the sanction and a loss or injury suffered by the Arnolds as a result of Lockhart's contempt. We are left with an insufficient record to determine whether a remedial sanction under subsection (a) in the amount ordered was appropriate.

[¶20] The Arnolds contend the sanction can be affirmed as an order designed to ensure compliance with a previous order of the court under subsection (d). The Arnolds provide no explanation how the imposition of the sanction ensures compliance with a prior order of the court and to the contrary, argue the court's order "ends the continuing contempt of Thomas Lockhart." The definition of a remedial sanction includes a sanction that is conditioned upon performance or nonperformance of an act required by court order, or the payment of a sum of money to compensate a party for loss or injury suffered as a result of the contempt. N.D.C.C. § 27-10-01.1(4). The sanction was not conditioned upon the performance or nonperformance of an act. The court had previously imposed a conditional sanction when it initially ordered that if Lockhart failed to provide certain information within 15 days of the hearing, a sanction of $5,000 would be imposed with an additional $1,000 sanction for every subsequent week the information was not provided, but the sanction was not tied to that conditional order. Additionally, as discussed above, the court did not provide an explanation of how the sanction related to any loss or injury resulting from the contempt. We disagree with the Arnolds that the sanction can be affirmed under subsection (d) as a remedial sanction designed to ensure compliance with a previous court order.

[¶21] The Arnolds further contend the sanction can be affirmed under subsection (e) as a "sanction other than the sanctions specified in subdivisions a through d if the court expressly finds that those sanctions would be ineffectual to terminate a continuing contempt." After reviewing the record, we conclude the court did not provide an adequate explanation of the basis for finding a sanction would be appropriate under subsection (e) and we are unable to discern from the current record, either by deduction or inference, a valid reason for the amount of the sanction.

7

## V

[¶22] The circumstances necessary for the imposition of a punitive sanction were not present prior to the imposition of a sanction in this case. We are also left with an insufficient record to review the appropriateness of the imposition of a remedial sanction in the amount ordered by the court. We reverse and remand this case for further findings to explain the district court's rationale for imposing the monetary sanction for Lockhart's contempt. On remand, the district court may consider any of the remedial provisions provided in section 27-10-01.4, N.D.C.C., as it may deem appropriate.

[¶23] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Jerod E. Tufte
Lisa Fair McEvers